IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIKI J. OLCZAK, | ) | |
| | ) | Civil Action No. 2:08-cv-1470 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BUTLER COLOR PRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Butler Color Press, Inc. ("BCP"), by and through its undersigned counsel, files the within Answer to Plaintiff's Complaint and lists its affirmative defenses below as follows:

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant states that the United States Code speaks for itself and therefore, Paragraph 1 is the legal conclusions of the pleader and an answer is neither necessary or required. However, to the extent an answer may be required, Defendant denies said averments.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that the Plaintiff is Viki J. Olczak and that she is a female individual. Defendant denies all other averments of Paragraph 2 for lack of knowledge or information to form a belief as to the truth or falsity of said averments.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that it is Butler Color Press, Inc., with its office located at Bonnie Brook Industrial Park, 119 Bonnie Drive, Butler, Butler County, Pennsylvania 16002. All remaining averments of Paragraph 3 are the legal conclusions of the pleader and an answer is neither necessary or required. However, to

the extent an answer may be required, Defendant denies any and all averments of Paragraph 3 not specifically admitted herein.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits in part and denies in part said averments. It is admitted that Plaintiff was hired by Defendant on June 29, 2006. It is specifically denied that Plaintiff was notified on April 20, 2007, that she would be terminated effective April 27, 2007. All other allegations are specifically denied.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant admits in part and denies in part said averments. It is admitted that Plaintiff was an outside customer service representative. All other allegations of Paragraph 5 are specifically denied.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant denies said averments.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of Plaintiff's allegations as to her becoming romantically involved with another individual and said allegations are therefore, denied. Strict proof is demanded at time of trial. All other averments of Paragraph 7 are denied.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant denies said averments.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant denies said averments.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant states that the allegations contained in Paragraph 10 are conclusions of law for which no response is required. To the extent an answer may be required, said allegations are denied. By way of further answer, it is denied that Plaintiff found any of Vernon L. Wise, III's conduct to be unwelcome or

offensive. To the contrary, Plaintiff and Vernon L. Wise, III engaged in a consensual relationship that included both participants exchanging sexually suggestive messages with each other. Plaintiff willingly participated in, initiated and welcomed this activity.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant denies said averments.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant denies said averments. Furthermore, Defendant affirmatively states that Plaintiff voluntarily quit her employment on April 20, 2007.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant denies said averments.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant denies said averments.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant denies said averments.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant denies said averments. Furthermore, Defendant affirmatively states that Plaintiff voluntarily quit her employment.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant states that the allegations of Paragraph 17 are conclusions of law for which no response is required. To the extent an answer may be required said allegations are denied. Strict proof is demanded at time of trial.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant denies said averments.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant denies said averments.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant states that the allegations of Paragraph 20 are conclusions of law for which no response is required. To the extent an answer may be required said allegations are denied. Strict proof is demanded at time of trial.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief demand in the "wherefore" clause of this Complaint and requests this Honorable Court order and adjudge that Plaintiff take nothing by way of this action and Defendant be granted costs, attorney fees and other appropriate relief and remedies.

21. Defendant incorporates herein by reference, its responses to Paragraphs 1 through 20 as if the same were set forth fully herein.

22. In response to Paragraph 22 of Plaintiff's Complaint, Defendant denies said averments. Furthermore, Defendant affirmatively states that Plaintiff voluntarily quit her employment and that Defendant never retaliated against Plaintiff because of her gender/sex, or on any basis.

23. In response to Paragraph 23 of Plaintiff's Complaint, Defendant states that the allegations of Paragraph 23 are conclusions of law for which no response is required. To the extent an answer may be required said allegations are denied. Strict proof is demanded at time of trial.

24. In response to Paragraph 24 of Plaintiff's Complaint, Defendant denies said averments.

25. In response to Paragraph 25 of Plaintiff's Complaint, Defendant states that the allegations of Paragraph 25 are conclusions of law for which no response is required. To the extent an answer may be required said allegations are denied. Strict proof is demanded at time of trial.

26. In response to Paragraph 26 of Plaintiff's Complaint, Defendant states that the allegations of Paragraph 26 are conclusions of law for which no response is required. To the extent an answer may be required said allegations are denied. Strict proof is demanded at time of trial.

27. Defendant denies any and all other averments not specifically admitted herein.

**WHEREFORE**, Defendant having fully answered the Complaint, respectfully requests that this Honorable Court dismiss this action with prejudice and moves for attorney's fees and costs, and such other relief as is deemed just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant denies any violation of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended or the Pennsylvania Human Relations Act and denies Plaintiff is due any remedy.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are time-barred by the applicable statute of limitations.

4. Plaintiff failed to timely file charges of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

5. Plaintiff failed to exhaust administrative remedies with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission.

6. To the extent Plaintiff raises claims which are not encompassed within the scope of any required charge of discrimination, this Honorable Court lacks jurisdiction over them.

7. Plaintiff has failed to engage in reasonable efforts to mitigate her alleged damages.

8. Plaintiff has no right to a jury trial under the Pennsylvania Human Relations Act.

9. Without admitting, and specifically denying that any sexually harassing behavior occurred, Defendant exercised reasonable care to prevent and to correct promptly any alleged sexually harassing behavior.

10. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or avoid harm otherwise.

11. Plaintiff unreasonably failed to avail herself of Defendant's Sexual and Other Unlawful Harassment Policy.

12. Plaintiff unreasonably failed to utilize or cooperate with Defendant's investigatory measures.

13. Plaintiff voluntarily quit her employment.

14. Plaintiff suffered no adverse job action.

15. Plaintiff is not entitled to punitive or compensatory damages.

16. Defendant at all times acted without malice.

17. Defendant never acted in a willful, wanton or reckless manner toward Plaintiff.

18. Defendant at all times acted in good faith and had reasonable grounds for all actions taken.

19. No willfulness was involved in any events involving the factual basis upon which this suit has been instituted.

20. Plaintiff's claims, in whole or in part, are pre-exempted and barred by worker's compensation exclusivity.

21. Defendant had legitimate, non-discriminatory business reasons for taking any and all actions relative to Plaintiff.

22. Plaintiff's alleged damages are speculative and not available to her as a matter of law.

23. If Plaintiff is awarded any damages, then Defendant is entitled to a set-off of all amounts paid to her as compensation and any other benefits received by her.

24. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

25. Plaintiff's claims are barred, in whole or in part, because Defendant complied in all respects with its obligations under Title VII and the Pennsylvania Human Relations Act, and all other applicable state and federal laws.

26. Plaintiff's claims are barred, in whole or in part, because, even if any adverse employment actions were taken by Defendant toward Plaintiff, any such actions were not motivated by Plaintiff's gender/sex and/or in retaliation, or for any other allegedly unlawful reason, and Defendant would have taken the same actions with respect to Plaintiff regardless of her gender/sex or any other federal or state law.

27. Plaintiff's claims are barred, in whole or in part, due to her own personal conduct.

28. The sexual relationship between Plaintiff and Vernon L. Wise, III was at all times consensual and welcomed by Plaintiff.

29. Plaintiff failed to oppose any practice made an unlawful employment practice by law.

30. Plaintiff at no time during her employment complained to Defendant of any alleged sexual harassment, gender/sex discrimination and/or retaliation.

31. Defendant did not know, nor should have known, of any alleged sexual harassment, gender/sex discrimination or retaliation with regards to Plaintiff.

32. Defendant reserves the right to amend its Answer to add additional defenses or counterclaims that may become known during litigation.

**WHEREFORE**, Defendant having fully answered the Complaint, respectfully requests that this Honorable Court dismiss this action with prejudice and moves for attorney's fees and costs, and such other relief as is deemed just and proper.

    Respectfully submitted,

    /s/ Samuel H. Simon
    Frankie Jo Pacilla, Esquire
    PA I.D. #50874
    Samuel H. Simon, Esquire
    PA I.D. #85503
    Attorneys for Respondent
    Houston Harbaugh, P.C.
    Three Gateway Center
    401 Liberty Avenue, 22nd Floor
    Pittsburgh, Pa  15222
    (412) 281-5060

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2008, I electronically filed the foregoing Answer with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

James H. Logan, Esquire
Logan & Logan
Suite 3201 Grant Building
Pittsburgh, PA 15219

    /s/ Samuel H. Simon
Samuel H. Simon